THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HUY VAN TRAN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | CASE NO. C18-0323-JCC<br><br>ORDER |

This matter comes before the Court on Petitioner Huy Van Tran's motion to vacate, set aside, or correct his sentence under 28 U.S.C. section 2255 (Dkt. No. 1). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

## I.  BACKGROUND

Petitioner pled guilty to one count of conspiracy to distribute controlled substances in violation of 12 U.S.C. section 841(a)(1), 841(b)(1)(B), and 846. *United States v. Huy Van Tran*, No. CR15-0120-JCC, Dkt. No. 603 (W.D. Wash. Mar. 25, 2016). The Court sentenced him to 96 months of imprisonment. *Id*. at Dkt. Nos. 1003, 1004. Petitioner appealed his conviction, but voluntarily dismissed the appeal on the advice of counsel. *Id*. at Dkt. No. 1042; (Dkt. No. 1 at 21). He now moves to correct his sentence under section 2255.

//

ORDER
C18-0323-JCC
PAGE - 1

## II. DISCUSSION

To state a cognizable section 2255 claim, a petitioner must assert that he or she is in custody in violation of the Constitution or laws of the United States, that the district court lacked jurisdiction, that the sentence exceeded the maximum allowed by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A habeas petitioner bears the burden of showing by a preponderance of the evidence that an error occurred. *See Johnson v. Zerbst*, 304 U.S. 458, 468–69 (1938); *Simmons v. Blodgett*, 110 F.3d 39, 41–42 (9th Cir. 1997); *United States v. Doriety*, Case No. C16-0924-JCC, Dkt. No. 12 at 5-6 (W.D. Wash. 2016). Petitioner's section 2255 petition collaterally attacks his sentence. He seeks a sentence reduction based on the following allegations: (1) the Government breached the plea agreement by requesting an obstruction enhancement at sentencing, and (2) defense counsel provided ineffective assistance by failing to recognize and challenge this breach. (Dkt. No. 1 at 19–23.)

### A. Breach of Plea Agreement

To determine whether a breach of a plea agreement has occurred, the Court looks to what the defendant "reasonably understood" when he entered the plea agreement. *U.S. v. Arnett*, 628 F.2d 1162, 1164 (9th Cir. 1979). Petitioner asserts that the plea agreement was, at best, ambiguous and prohibited the Government from arguing for a sentencing enhancement for obstruction of justice based on evidence it knew about at the time of the plea. (Dkt. No. 1 at 2.)

The plea agreement is not ambiguous. On its face it allows the Government to present arguments at sentencing regarding the applicability of the Sentencing Guidelines, specifically "including an enhancement for obstruction." (Dkt. No. 1 at 41); *see United States v. Ajugwo*, 82 F.3d 925, 928 (9th Cir. 1996) (if a plea agreement is clear on its face, a court will not look to extrinsic evidence). The Government agreed not to *prosecute* Petitioner for additional conduct known at the time of the plea or arising out of the investigation. (*Id.*) Defendant's argument that this provision bars a *sentencing enhancement* is patently unreasonable when the enhancement was clearly contemplated in plea negotiations and explicitly included in the agreement.

Therefore, no breach occurred, and Petitioner is entitled to no relief on this ground.

### B. Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, Petitioner must show both that counsel's performance was objectively unreasonable and that the deficient performance prejudiced the petitioner's defense. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). Petitioner argues that his counsel acted unreasonably by failing to raise a breach of the plea agreement or object to the enhancement at sentencing. (Dkt. No. 23.) Counsel's failure to investigate or argue a meritless issue does not constitute ineffective assistance of counsel. *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982). Given the unambiguous language of the plea agreement, Petitioner's breach of plea theory was clearly meritless. *Supra* section II.A. Therefore, Petitioner's attorneys acted reasonably in deciding not to object to the obstruction enhancement at sentencing or on appeal, and Petitioner is entitled to no relief on this ground.

### C. Evidentiary Hearing

The record before the Court conclusively shows that Petitioner is entitled to no relief. Therefore, holding an evidentiary hearing or seeking additional briefing would serve no purpose, and Petitioner's request for collateral relief should be denied without conducting an evidentiary hearing. *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986); *United States v. Moore*, 921 F.2d 207, 211 (9th Cir. 1990).

### D. Certificate of Appeal

A petitioner seeking collateral relief under § 2255 may appeal a district court's dismissal of the petition only after obtaining a certificate of appealability ("COA") from a district or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court

finds that no reasonable jurist would disagree that petitioner has failed to state a claim upon which relief may be granted. A certificate of appealability is denied on all issues.

### III. CONCLUSION

For the foregoing reasons, Petitioner's motion to correct, vacate, or set aside his conviction (Dkt. No. 1) is DENIED.

DATED this 9th day of July 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE